[No. 5584.]

## J. F. BROWN v. CHAS. RICE.

COLLECTION OF TOLL.—If the toll-gatherer on a turnpike road exacts and demands and receives from a traveler a sum greater that he is permitted by law to collect, it is not a collection of toll, but extortion; and an action to recover a penalty for it does not involve the legality of a toll within the meaning of Art. VI, sec. 6, of the Constitution, and cannot be brought in the District Court unless the amount claimed is three hundred dollars.

APPEAL from the District Court, Fourteenth Judicial District, County of Placer.

The Mineral Bar and Iowa Hill Bridge and Road Company was incorporated to construct a turnpike road, and did construct

such road and a bridge, from Iowa Hill, across the North Fork of the American River, to Illinoistown. The Board of Supervisors fixed the rate of toll at one dollar and seventy-five cents for four horses and a loaded wagon. The plaintiff had occasion to travel over the road and across the bridge with such a team, and the toll-gatherer demanded and received four dollars.

The Constitution of this State gives the District Court jurisdiction in all cases where the demand, exclusive of interest, amounts to three hundred dollars. Below that sum, justices of the peace have jurisdiction.

The Civil Code, sec. 518, provides that every toll-gatherer who demands or receives from any person liable to pay tolls more than he is authorized to collect, for each offense forfeits twenty-five dollars to the person aggrieved. This action was brought to recover the penalty of twenty-five dollars. The Court below rendered judgment for the plaintiff, and the defendant appealed. This is the second appeal. The first is reported in Vol. 51, p. 489.

*B. F. Myres*, for the Appellant.

The Court had no jurisdiction. The suit is for a forfeiture, and not for testing the legality of a toll.

The only toll, as such, is the toll fixed by the Board, and the very fact that the defendant received more, shows it was no toll.

The Board is limited in its rates of toll. (Sec. 514, Civil Code. Should they exceed the maximum, any passenger might question its legality by an action directly for that purpose; should they rate below the minimum, the Company could, in like manner, test the question. But where the toll is legal, the amount received in excess of it may operate a forfeiture, but can in no way involve the legality of the toll.

The proper *forum* is the Justice's Court, and the action should be dismissed.

*J. M. Fulweiler* and *Hale & Craig*, for the Respondent.

The jurisdiction of the District Court (see Sec. 57, Code Civil Pro.) extends "to all civil actions in which the subject of liti-

gation is capable of pecuniary estimation, which *involve* the title or possession of real estate, or the *legality* of any tax, impost, assessment, *toll*, etc."

The legality of the *rate of tolls*, as fixed by the Board, is not in question here ; but the legality of the *rate of tolls* as demanded, exacted, and received by the appellant *as tolls*, is.

By the COURT :

The District Court had no jurisdiction of this case. It did not involve the legality of a toll within the meaning of art. 6, sec. 6, of the Constitution. It is not pretended that the rates of toll as fixed by the Board of Supervisors were illegal in any respect. The demand and recovery by the toll-gatherer of a larger amount than that fixed by the Board was not a collection of tolls, but an act of extortion, for which the statute prescribes certain penalties and consequences. The party aggrieved may sue for and recover the penalty in the proper Court, but the jurisdiction of the Court must be determined—as in the case of other money demand—by the amount claimed. The amount claimed was less than three hundred dollars.

Judgment reversed and cause remanded, with directions to sustain demurrer. Remittitur forthwith.