Favrot vs. City of Baton Rouge.

_____

No. 9660.

C. D. FAVROT VS. CITY OF BATON ROUGE.

The Supreme Court has no jurisdiction over tax suits regardless of the amount involved, unless the legality or constitutionality of the tax be in contestation.

Hence in a suit which presents the question of the legality of a tax, and in which the tax is resisted on the further grounds of illegality of the assessment, and irregularities in the mode of levying and of collecting the tax, the court will entertain the appeal on one branch of the contestation, the illegality of the tax, and will ignore the appeal on the other branch of the case.

A tax of ten mills by the city of Baton Rouge is not illegal because it does not conform to the limit of municipal power of taxation as fixed by the charter of 1878. That feature of the charter must yield to, and be controlled by Article 209 of the Constitution. The decision in the case of Laycock vs. City of Baton Rouge affirmed.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess, J.*

_____

*C. D. Favrot* and *Knox & Laycock*, for Plaintiff and Appellant.
*H. F. Brunot* and *Favrot & Lawson*, for Defendant and Appellee.

_____

MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. A statement of the pleadings is necessary to a proper understanding of the grounds of the motion to dismiss this appeal.

Favrot vs. City of Baton Rouge.

Plaintiff enjoined the sale of his property for municipal taxes claimed thereon for the year 1882, and for several years previous thereto.

His grounds are in substance :

1. That the rate of taxation claimed of him is in excess of the restriction placed to the taxing power of the city of Baton Rouge by its charter, which is Act 44 of 1878.

2. That there was no legal assessment ; that tax rolls had not been exposed for correction according to law; that the budget had not been published ten days prior to adoption, and defective descriptions of the property.

The main ground of the motion is that the aggregate amount of the taxes herein involved is not equal to the lower limit of our jurisdiction, and that we are without jurisdiction over the questions involved in the alleged illegality of the assessment and of the mode of collecting taxes.

The point is well taken. It is conceded that the total amount of the taxes is not equal to our jurisdiction, and it is clear that questions involving the legality of the assessment and the mode of levying and collecting a tax, do not affect the legality or constitutionality of the tax itself, over which question alone this court has jurisdiction irrespective of the amount involved. Adler, Goldman & Co. vs. Board of Assessors, 37 Ann. 507. State ex rel. David vs. Judges Court of Appeals, not yet reported. Henry C. Minor vs. J. C. Budd, sheriff, not yet reported.

It follows that we have no jurisdiction over that branch of the case. Hence we must decline to consider the questions involving the alleged illegality of the assessment of plaintiff's property and the numerous alleged irregularities in the manner of levying and of collecting the tax, and as to that branch of the case, the appeal is ignored.

On the merits, the only question involving the legality of the tax which is herein resisted is the ground that, as the charter of the city of Baton Rouge limits its power of municipal taxation to the rate of taxation by the State, the limit to municipal taxation as fixed by the Constitution of 1879, does not apply or have reference to that corporation, which remains restricted to the rate of six mills, as fixed by the Constitution for the State.

The identical question was presented to us, was fully discussed, maturely considered and finally disposed of in the case of Laycock vs. City of Baton Rouge, reported in 36 Annual, p. 328.

It is worthy of note that the attack on the taxing power of the corporation to the extent of ten mills was then led by the same counsel who represent appellant in the present case.

They now urge that the case was not then fully presented to the court. This modesty is very commendable, but candor compels us to say their argument presents no essential point which is not met in the opinion, and that their position has not been fortified by the lapse of time.

We can add nothing to the reasons which support our decision in that case, and we must conclude, with the District Judge, that the point of resistance is without force, excepting for years previous to the year 1879.

His judgment dissolved the injunction for the taxes claimed for the years 1879, 1880, 1881 and 1882, and we find it correct. Judgment affirmed.