No. 13,989.

## W. G. TEBAULT vs. CITY OF NEW ORLEANS.

### SYLLABUS.

An assessment concerns the means employed to enforce the payment of legal and constitutional taxes, but the fact that the assessment is illegal, or that there is no assessment, does not affect the legality or constitutionality of the tax. Hence, where the assessment, alone, is attacked, and the amount in dispute is less than that required to give jurisdiction to this court, the appeal will be dismissed.

#### ON REHEARING.

This court has, heretofore, held that an attack on the assessment of property for taxation is not equivalent to an attack upon the tax based on the assessment.

That an assessment may be irregular, and yet the tax legal.

Where the tax is illegal, because of the absolute want of power of the tax department to impose a tax at all, the attack upon the tax may be com-

Tebault vs. New Orleans.

bined with an attack upon the assessment; but, where the attack is made upon the assessment only, it will not suffice as relates to the jurisdiction on appeal. It does not appear in the attack, upon the assessment, that the attack is also especially directed against the tax itself.

The jurisdiction on appeal is limited to cases in which the constitutionality or illegality "of any tax is at issue, whatever may be the amount," and it is not to be inferred that an attack upon the assessment carries with it an attack upon the tax.

There is, at least, doubt as to the extent of the attack, which resolves itself against the appeal in a case requiring that it shall be made to appear that the attack is directed against the tax. The doubt was fatal to the appeal.

APPEAL from the Civil District Court, Parish of Orleans—*St. Paul, J.*

*William J. Waguespack,* for Plaintiff, Appellee.

*Henry Garland Dupré,* Assistant City Attorney, for Defendant, Appellant.

The opinion of the court was delivered by MONROE, J.

On rehearing by BREAUX, J.

The opinion of the court was delivered by

MONROE, J. Plaintiff enjoined the City of New Orleans from selling certain real estate belonging to him for its tax of 1896, on the grounds; that before he purchased the property the tax had been cancelled by judicial decree and he acquired it free from all taxes; that the property was sold in the Succession of Fasnacht for over $7000, and that the city appeared by way of opposition and obtained judgment, from which no appeal has ever been taken, for the amount of said tax, being $120, with interest, and recognizing the same as entitled to first privilege on the said proceeds, and that no appeal was taken from said judgment; "that the assessment under which this pretended claim is made is illegal, null, and void, and contrary to the constitution of the State of Louisiana; that there is no law that authorizes such an assess-

Tebault vs. New Orleans.

ment, and that if such there be, the same is contrary to the constitution of the State of Louisiana; that said assessment is illegal, null and void in this, that it is not made in the name of the owner of the property, that the proper legal notices were not served upon petitioner, nor any notice served, as directed by law, that the description in said assessment upon the assessment rolls and the description in the said advertisement for sale are insufficient and not such as are required by law."

The city, after a general denial, especially denies the illegality of the assessment and further denies that the plaintiff has complied with the law regulating suits concerning re-assessment.

The attack upon the assessment concerns the means employed to enforce the payment of what, for aught that is alleged, is a perfectly legal and constitutional tax. An assessment may be illegal for a variety of reasons, or there may be no assessment at all, but, in neither case is the validity or constitutionality of the tax involved.

"From the fact that an assessment is erroneous and that a sale of the property assessed is a nullity for some error, it does not follow that the tax to pay which the sale was made is, in itself, illegal. An issue on those questions does not involve the legality of the tax. A circuit court has jurisdiction over such a cause, which does not come within that of this court where the matter in dispute does not exceed $2000." State ex rel. David vs. Judges, 37th Ann. 898 (syllabus); see also Favrot vs. City of Baton Rouge, 38th Ann. 230; Minor vs. Sheriff, 38th Ann. 99; City vs. Schoenhausen, 39th Ann. 237; Bush & Levert vs. Police Jury et als., 39th Ann. 899; State vs. Fourcade, 45th Ann. 723; Gillis & Kenner vs. Clayton, Assessor, 33 Ann. 285; Kock vs. Triche, 52 Ann. 833.

The amount involved being less than that required to give jurisdiction of this court, and no issue involving the constitutionality or legality of a tax being presented by the pleadings, the appeal is dismissed.

## ON REHEARING.

BREAUX, J. The question of jurisdiction is before us for consideration and decision.

Counsel for the city invite our attention to the first allegation in plaintiff's petition for an injunction which reads as follows, viz:

"The Treasurer of the City of New Orleans has advertised for sale his property to satisfy a pretended and illegal claim for taxes for the year 1896."

His contention is, that the allegation of itself is sufficient to vest this court with jurisdiction under Article 85 of the Constitution of the State.

This would be unanswerable if plaintiff's attack and injunction had been directed against the illegality of the tax. But we think, on the contrary, that the matter of the illegality of the tax plays an unimportant part in the suit.

We note that all of the other allegations (save the one above referred to) in plaintiff's petition, are directed against the illegality of the assessment.

We read the averments of the petition, taken as a whole, as leading to the conclusion that (from plaintiff's point of view) the tax is illegal, because of the illegality of the assessment, and on no other ground.

Defendant's answer, on the other hand, leads to the conclusion that, re-assessment of the property is the only question involved.

Moreover, after eliminating all questions regarding the re-assessment, there remains no issue relating to the illegality of the tax, and, in consequence, we feel safe, in the light of the jurisprudence of this court, in arriving at the conclusion, that the appeal should be dismissed.

We have consulted a number of decisions and found that it has been repeatedly held, when other matters are brought up which do not concern the constitutionality or legality of the tax, the appeal is not within this court's jurisdiction.

Penn vs. Municipality, 4th Ann. 18.

Albert vs. Brewer, 9th Ann. 64.

State vs. Rabasse, 9th Ann. 305.

Leaving these decisions and coming up to a more recent date, we find that although an assessment was illegal (as it may be in this case), yet this, of itself, did not necessarily give rise to the inference that the tax is illegal and unconstitutional.

This court has said: "A tax is deemed illegal only where there is no law to authorize the levying of it, or, where there being such law, that law is unconstitutional and void. An erroneous assessment does not

make a tax illegal. *A tax may be legal or constitutional, though the assessment may be deficient.* (Italics ours.)

Stubbs vs. McGuire, 32 Ann. 817.

Gillis & Kennett vs. Clayton, Assessor, 33rd Ann. 286.

Board of Liquidation of Hart & Hebert vs. Huguet *et al.,* 33rd Ann. 364.

Maclin vs. New England Mutual Life Ins. Co., 33rd Ann. 801.

It is only where the illegality or irregularity of the tax itself is at issue that this court has jurisdiction.

State *ex rel.* David vs. Judge, 37th Ann. 899.

Quite recently this court said:

"We have no functions to review questions of assessments unless the legality or constitutionality of the tax is involved or the amount gives jurisdiction to this court."

Patterson & Ray vs. City, 47th Ann. 277.

The learned counsel for defendant refers specially to Palfrey vs. Connelly, Sheriff, 106 La. 699, and quotes from it with great confidence.

He has not failed to observe that in the case just cited, an appeal was taken to the Court of Appeal insofar as related to the assessment and an appeal was taken to this court to the extent that illegality of tax was an issue.

The court, in the case cited, *supra,* did not decide that the question of illegality of the assessment was not properly brought before the Court of Appeal as being the court with jurisdiction. But, upon consideration of the issues, in this cited case, it was found that the question of illegality and unconstitutionality arose *ab initio;* that it affected the tax and assessment as well, and stamped both with nullity. The property was not subject to taxation at all, in the cited case *supra,* a fact that the court declined to overlook in presence of the pleadings and issues, which raised, in a distinct manner, the question of illegality and unconstitutionality of the tax. *Ib.*

Here the property was subject to taxation. The plaintiff in injunction, had assumed the payment of the tax, and the only issue was one of legality *vel non* of the re-assessment; clearly a question of erroneous assessment and nothing more. The assessment in the Palfrey case, *cited supra,* in view of the issues as presented, was practically a judgment affecting all the property owned by the plaintiff. The matter

of assessment was merged in the judgment and become, thereby, the matter of tax claimed. The taxes were on movables, and the court held: "That assessment would be practically a 'judgment' affecting consequently all movables owned by the plaintiff. The article declares that taxes on movables shall be collected by seizure and sale by the tax collector of the movable property of the delinquent, whether it be the property assessed or not, sufficient to pay the taxes." Here the property assessed is immovable, and the plaintiff complained of the assessment. The appellate tribunal in this case is the Court of Appeal. If any error was committed in the re-assessment, it was one to be corrected by the District Court. From its judgment, there was a right of appeal to the Court of Appeal. If that court errs, in such a case, it may be brought up before this court under Article 101 of the Constitution. But it is not a case appealable directly from the District Court.

Before leaving the subject, we will further state, that evidently the purpose of the law maker was uniformity in the interpretation of statutes relating to tax, and for that reason all appeals in which the legality and unconstitutionality of tax is involved, are to be brought before this court. On the other hand, questions merely personal to the parties regarding assessment, not involving the legality or constitutionality of any tax, and to be reviewed by the Courts of Appeal.

Our decree granting a rehearing is revoked and annulled.

It is ordered, adjudged and decreed, that the decree heretofore rendered, dismissing the appeal for want of jurisdiction, be reinstated and that the appeal be dismissed at appellant's costs, as heretofore dismissed.

BLANCHARD, J., dissents for reasons assigned.