[No. 5740.   Decided December 22, 1905.]

A. J. THOMAS *et al., Respondents,* v. LINCOLN COUNTY, *Appellant.*[1]

APPEAL — JURISDICTION — AMOUNT IN CONTROVERSY — LEGALITY OF TAX.   A judgment against a county in favor of a taxpayer for the amount of an excessive tax in the sum of $64.56, does not affect the "legality" of a tax, within Const., art. 4, § 4, giving the court jurisdiction in such event in cases involving less than $200, where the question arose through a mere mistake of the assessor in entering the number of acres in the tract, and there was no question as to lack of power to levy the tax, or any controversy as to any rule or construction of law.

Appeal from a judgment of the superior court for Lincoln county, Poindexter, J., entered March 30, 1905, in favor of plaintiffs, in an action to recover excessive taxes paid under protest.   Appeal dismissed.

*R. M. Dye,* for appellant.

*H. A. P. Myers,* for respondents.

ROOT, J.—Respondents instituted this action to recover taxes paid under protest.   The complaint contains two causes of action.   By the first it appears, that respondents are, and ever since the year 1900 have been, the owners of a certain section of land which contained 761.66 acres, and no more; that for each of the years 1900, 1901, 1902, and 1903, the taxing officers of the appellant county assessed this section of land as containing 859.08 acres; that respondents paid the taxes so assessed in the year 1900, by mistake and without knowledge that the section contained a less number of acres than 859.08; that thereafter they paid their taxes each year under protest as to the amount now claimed to be excessive; but it is not shown that they ever appeared before the board of equalization or in any manner endeavored to have the assessment roll corrected.   The second cause of ac-

1Reported in 83 Pac. 18.

tion is based on a similar claim assigned by George W. Thomas and wife to respondents. The total amount of excessive tax, alleged by respondents to have been paid by them and their assignors during said years, was the sum of $64.56, in which amount judgment was awarded them on the trial of this cause in the superior court. From this judgment the county appeals.

Respondents move to dismiss this appeal for the reason that the amount involved is less than $200. Appellant has filed no reply brief, but doubtless relies upon the exception in the constitution, which permits an appeal to be taken to this court where the case involves the legality of a tax or assessment, even though the amount involved be less than $200. Neither party has furnished us any citation of authority upon the question involved in this motion to dismiss. The question appears never to have been before this court.

We think the motion must be granted. We do not think the expression "legality of a tax" comprehends such a question as is presented in this case. Here the difficulty arose from the county assessor having entered this section of land upon the assessment roll as containing 859.08 acres, whereas it contained only 761.66. The roll being returned with this number of acres set forth therein, the usual proceedings were taken by the county officials, which culminated in respondents being taxed for a larger acreage than they in reality owned. We think this was an error of fact and not of law. There was no contention that the land of respondents was not subject to taxation. There was no contention that a higher rate of levy was made than the law justified. There was no contention that property was assessed which was by law exempt. There was no lack of power to assess and levy a tax. There as no contention that any of the proceedings appertaining to the assessment or levy were made other than as, or different from those, provided by law. The controversy did not rise from a difference of opinion on any ques-

tion relating to the subject-matter, or as to any rule or construction of law; but the whole controversy took its inception from the mistake of the assessor in entering the amount of respondents' acreage in the assessment roll. This was a mistake that could and should have been called to the attention of the assessor, the county commissioners, or the board of equalization, and corrected by some of these officials. Neither the omission to do or have this done, nor the error in entering the number of acres erroneously, in our opinion, presented to the lower court a question affecting the "legality" of a tax or assessment, as that term is employed in § 4 of art. 4 of the state constitution, and in Bal. Code, § 4650. We have been unable to find any authorities exactly in point, but believe that the following have a tendency to support the conclusion we have reached: *Hansen v. Nilson,* 17 Wash. 606, 50 Pac. 511; *Brown v. Rice,* 52 Cal. 489; Cooley, Taxation (2d ed.), p. 748; *Favrot v. Baton Rouge,* 38 La. Ann. 230; *State ex rel. Badger v. Recorder of Mortgages,* 41 La. Ann. 533; *Mason v. Gamble,* 21 How. 390, 16 L. Ed. 81; *Tebault v. New Orleans,* 108 La. 686, 32 South. 983; *Rocheblave Market Co. v. New Orleans,* 110 La. 529, 34 South. 665. The motion to dismiss is granted.

Mount, C. J., Dunbar, Hadley, Fullerton, Rudkin, and Crow, JJ., concur.