53 Wn.2d 270 (1958)
333 P.2d 670
In the Matter of UTILITY LOCAL IMPROVEMENT DISTRICT NO. 1 OF WATER DISTRICT NO. 2, GRAYS HARBOR COUNTY.
ALEXANDER FLEURY, et al., Appellants,
v.
WATER DISTRICT NO. 2, GRAYS HARBOR COUNTY, WASHINGTON, Respondent.[1]
No. 34586.
The Supreme Court of Washington, Department One.
December 18, 1958.
Parker & Parker and Zelasko & Zelasko, for appellants.
Hyndman & Hyndman, for respondent.
HUNTER, J.
This is an appeal from a judgment of the superior court sustaining the action of the board of water commissioners of water district No. 2, Grays Harbor county, Washington, overruling objections to the establishment of *271 utility local improvement district No. 1 therein, and to the assessment made against certain protestants' properties.
The water commissioners of the district, by resolution No. 2, adopted a general comprehensive scheme or plan for a water system, and provided for a method of financing by the issuance of water revenue bonds for submission to the voters of the district for ratification or rejection. A special election was held on November 4, 1952. The vote was favorable.
Thereafter, a petition was filed with the water commissioners containing the signatures of more than four hundred persons owning property within the limits of a proposed utility local improvement district within the water district, seeking the creation of "utility local improvement district No. 1." The petition was signed by persons owning at least fifty-one per cent of the area of land within the limits of the proposed district which described the territorial limits thereof, and praying that a portion of the comprehensive plan previously adopted be ordered, acquired, constructed and installed as it applied to the area of the proposed utility local improvement district.
July 2, 1957, the water commissioners adopted resolution No. 4, declaring their intention to initiate the formation of utility local improvement district No. 1. The resolution recited that the petition contained a sufficient number of signatures. The resolution further set forth the nature and territorial extent of the comprehensive plan of the improvement to be ordered and acquired; provided for the portion that the district would pay for the improvement; ordered a public hearing on July 29, 1957; and directed notice of the same to be given as provided by law. The notice of hearing describing the proposed improvement in detail was duly published and service was made by mail upon each property owner within the district, in compliance with the statute. Approximately one hundred fifty persons filed objections to the creation of the district. The hearing was held as ordered and the protests were overruled.
August 6, 1957, the water commissioners adopted resolution No. 5, reciting that resolution No. 4 had been duly published *272 and notices of hearing given as ordered therein creating utility local improvement district No. 1, and ordering acquisition and construction of the improvement in accordance with the comprehensive plan previously adopted. Thereafter, the commissioners prepared a final assessment roll and ordered a hearing on October 7, 1957.
Written protests were filed to the assessments, jointly and some individually, by approximately two hundred sixteen persons. Adjustments were made on the assessments of five of the properties and the remainder were overruled. Ninety-seven protestants appealed to the superior court of Grays Harbor county, filing one two-hundred-dollar cost bond for the group. The trial court sustained the decision of the water commissioners in overruling the objections of the protestants to the validity of the establishment of the district, and to the assessment roll. Judgment was entered accordingly and ninety-seven protestants have appealed therefrom.
The appellants' assignments of error can be embraced under two headings: (1) The trial court erred in finding that the district was legally established, since the petition and/or resolution for the formation of the utility local improvement district was legally insufficient in that it did not set forth the nature of the proposed improvement as prescribed by law; (2) the court erred in ruling that each individual property owner must file a separate cost bond in order to have the assessment roll reviewed for each particular assessment, and in entering an order dismissing their appeal from the assessment roll.
The foregoing assignments of error will be discussed in order.
First, that portion of the statute with which the appellants contend the water commissioners failed to comply appears in RCW 57.16.060, as amended (Laws of 1953, chapter 251, § 14, p. 652), providing as follows:
"In case any such local improvement district or utility local improvement district shall be initiated by petition, such petition shall set forth the nature and territorial extent of the proposed improvement requested to be ordered and *273 the fact that the signers thereof are the owners according to the records of the county auditor of at least fifty-one percent of the area of land within the limits of the local improvement district or utility local improvement district to be created. Upon the filing of such petition the board shall determine whether the same shall be sufficient, and the board's determination thereof shall be conclusive upon all persons. No person shall withdraw his name from the petition after the same has been filed with the board of water commissioners. If the board shall find the petition to be sufficient, it shall proceed to adopt a resolution declaring its intention to order the improvement petitioned for, setting forth the nature and territorial extent of said improvement, designating the number of the proposed local district and describing the boundaries thereof, stating the estimated cost and expense of the improvement and the proportionate amount thereof which will be borne by the property within the proposed local district, and fixing a date, time and place for a public hearing on the formation of the proposed local district." (Italics ours.)
The petition recited the following:
"1. That that portion of the general comprehensive scheme or plan of water supply of the District applying to the area hereinafter described as set forth in Resolution No. 2 adopted by the Board of Water Commissioners of the District on the 22nd day of October, 1952, which general comprehensive scheme or plan of water supply was ratified by the qualified voters of the District at a special election held therein on November 4, 1952, be ordered, acquired, constructed and installed.
"2. That to pay not to exceed $112,500.00 of the cost thereof, a Utility Local Improvement District be created to be known as `Utility Local Improvement District No. 1, Water District No. 2, Grays Harbor County, Washington,' the area of which is described and defined as follows: ..." (Italics ours.)
This was followed by a detailed description of the territorial extent of the district.
The resolution of intention to create the district provided in part:
"Section 1. It is the intention of the Board of Water Commissioners of Water District No. 2, Grays Harbor County, Washington, to order the construction of the comprehensive *274 scheme or plan for water supply as adopted in Resolution No. 2, adopted on the 22nd day of October, 1952. The nature and territorial extent of such improvement is the acquisition and construction of a system of water supply, including a water supply source, the necessary water mains as a part of a complete distribution system, and a water storage tank to serve the area included in the proposed utility local improvement district, the boundaries of which are hereinafter described.
"Section 2. To carry out the comprehensive scheme or plan of water supply for the District, there shall be formed a utility local improvement district to be known and designated as `Utility Local Improvement District No. 1' of Water District No. 2, Grays Harbor County, Washington, the boundaries thereof being described as follows: ..."
This was followed by a detailed description of the territorial extent of the improvement. It is clear that the territorial extent of the improvement is completely described. The sole question is whether setting forth the nature of the proposed improvement has been complied with by referring back to a portion of the comprehensive plan or scheme previously adopted as applying to the area of the utility local improvement district.
There is no requirement in the foregoing statute (RCW 57.16.060) that the specific improvement must be set forth in detail on the face of the petition or resolution.
"Nature" is defined in Webster's New International Dictionary (2d ed.), 1954, on page 1631, as "... a Kind; sort; type; order; general character; ..."
In Allen v. Bellingham, 77 Wash. 469, 137 Pac. 1016 (1914), where the city charter required that a resolution of intention to improve a street shall contain "a statement of the nature of the proposed improvement," (Italics ours) the resolution specified "(a) an intention to improve `C' street from Holly street to Laurel street by the construction of a trunk sewer outlet, and to do such other work as may be necessary in connection therewith." We said:
"When the matters covered by the resolution are compared with the charter requirements, it appears that there is a substantial compliance therewith. While the resolution *275 may not be artfully drawn, it is sufficiently clear to make manifest that the proposed improvement was for sewer construction, rather than primarily the improvement of a particular street. It would be difficult for one reading the resolution to misconceive its purpose. But if it were assumed that the resolution were insufficient, it would not necessarily follow that the reassessment would be void." (Italics ours.)
[1] It clearly appears that by stating the nature of the improvement as the word is defined in Webster's New International Dictionary, supra, it would be difficult for one reading the resolution to misconceive its purpose. Moreover, the notice of public hearing on July 29, 1957, on the intention of the water commissioners to create utility local improvement district No. 1, which was served on the property owners in the district, set forth the proposed improvement in detail. Therefore, there can be no question of the property owners having knowledge as to the nature of the improvements. We hold there was a substantial compliance with the foregoing statutory requirements necessary for the establishment of the utility local improvement district in this case. This was sufficient. See Manlove v. Johnson, 198 Wash. 280, 88 P. (2d) 397 (1939); and Allen v. The City of Bellingham, supra.
[2] The appellants' final contention that the trial court erred in dismissing the appellants' appeal from the decision of the water commissioners upon their objection to the assessment roll, by failure to file, individually, a two-hundred-dollar cost bond, is without merit. RCW 57.16.090 relates to the individual property owners making objection to the assessment against their specific property. The assessments must be reviewed separately on the basis of the special benefits conferred by the improvement. The statute therefore, by necessity, relates to the appellants in the singular.
Finding no error in the record, the trial court is affirmed.
HILL, C.J., MALLERY, FINLEY, and FOSTER, JJ., concur.
NOTES
[1] Reported in 333 P. (2d) 670.