[No. 35826. Department One. July 27, 1961.]

ROBERT L. WHEELER et al., *Appellants*, v. RONALD SEWER DISTRICT et al., *Respondents*.*

*Jones & Cyphers*, for appellants.

*Houghton, Cluck, Coughlin & Schubat* and *Rolla V. Houghton*, for respondents.

ROSELLINI, J.—This is an appeal from an order granting summary judgment on the motion of the respondents. The appellants alleged in their amended complaint that they were property owners of Utility Local Improvement District No. 3, of the Ronald Sewer District; that they brought the action on behalf of themselves and other property own-

*Reported in 364 P. (2d) 30.

ers; that the commissioners of the sewer district had, sometime prior to August 1, 1960, declared their intention of forming the utility local improvement district and had given notice of their intention to the property owners or reputed property owners, directing them to file their written objections, if any, prior to a certain date, and notifying them that a public hearing would be held on August 1, 1960.

It was alleged that the boundaries of the utility district were grotesque and were gerrymandered to include large areas of land owned or controlled by organizations or persons who the respondents believed would not protest the formation of the district, and that the design violated sound engineering principles to the extent that the construction of the improvement facilities was financially unfeasible.

There was also an allegation that the respondents contemplated the purchase of a primary treatment plant; that the money to be spent on this acquisition would be wasted because of the fact that another organization would later construct another treatment plant to serve the area; that the respondents were aware that they were threatened with a suit to forestall the acquisition and use of this treatment plant and attached trunk system; and that the acquisition of the plant would be unlawful since it was not included in the comprehensive plan in existence at the time the revenue bonds were approved by the voters.

It was finally alleged that the respondents' action in confirming the assessment roll for Utility Local Improvement District No. 3, on September 19, 1960, and their actions thereafter constituted a violation of the "power and duties entrusted to said defendants by the property owners and voters of said area."

The only relief asked by the appellants was a judgment decreeing that the respondents were acting unlawfully. No complaint was made of the assessments entered against their property.

Attached to the respondents' motion for summary judgment were affidavits alleging that the statutory procedure had been followed in creating Utility Local Improvement District No. 3 and confirming its assessment roll. These affi-

davits were uncontroverted. The trial court concluded that they conclusively established the right of the respondents to a judgment of dismissal.

The appellants claim that their allegations constituted issues of fact upon which they were entitled to a trial.

■ As this court said in *Thoma v. C. J. Montag & Sons,* 54 Wn. (2d) 20, 337 P. (2d) 1052, the function of the summary judgment is to avoid a useless trial; and a trial is not only not useless but absolutely necessary where there is a genuine issue as to any material fact.

RCW 56.20.070 provides:

"Whenever any assessment roll for local improvements shall have been confirmed by the sewer commission of such sewer district as herein provided, the regularity, validity and correctness of the proceedings relating to such improvement, and to the assessment therefor, including the action of the sewer commission upon such assessment roll and the confirmation thereof, shall be conclusive in all things upon all parties, and cannot in any manner be contested or questioned in any proceeding whatsoever by any person not filing written objections to such roll in the manner and within the time provided in this title, and not appealing from the action of the sewer commission in confirming such assessment roll in the manner and within the time in this title provided. No proceedings of any kind shall be commenced or prosecuted for the purpose of defeating or contesting any such assessment, or the sale of any property to pay such assessment, or any certificate of delinquency issued therefor, or the foreclosure of any lien issued therefor: [provisos follow not material to this action] . . . [1941 c 210 § 33]"

The procedure for an appeal from the decision of the sewer commission is set forth in RCW 56.20.080. It is summary in nature, and the cause is given precedence over all civil causes pending except eminent domain proceedings and actions of forcible entry and detainer. It was the evident purpose of the legislature to provide a speedy and adequate remedy for any person feeling aggrieved by the decision of the commission and to prevent such a person from harassing the commission with lengthy litigation.

■ This action is not an appeal from the confirmation

of the assessment roll, but is an independent action in which the appellants seek to challenge the regularity, validity, and correctness of the proceedings relating to the improvement. It is evident from the record that the appellants deliberately refused to follow the statutory procedure for raising objections to the proposed improvement and brought this action in an attempt to avoid the requirements of the statute. The uncontroverted affidavits of the respondents show that the commission had jurisdiction to confirm the assessment roll. Insofar as the complaint seeks to challenge the propriety of the boundaries of the district or the confirmation of the assessment roll, the action is clearly barred under the terms of the act.

■ Insofar as it seeks to interfere with the contemplated action of the district in acquiring certain properties not included within the original comprehensive plan, it is at the least premature. RCW 56.16.030 provides for the adoption of plans for improvements and betterments, after the adoption of the general comprehensive plan. If the respondents should attempt to carry out their contemplated additional plan in a manner contrary to that provided by statute, the appellants can object at that time.

The appellants do not attempt to attach any legal significance to their allegation that the respondents are moving in the face of threatened legal action, and presumably they recognize that this fact is immaterial.

The uncontroverted affidavits of the respondents establish that the action is ill founded. There is, therefore, no material issue of fact to be tried. The provisions for summary judgment are designed to dispose of precisely this type of complaint.

The judgment is affirmed.

FINLEY, C. J., WEAVER, OTT, and FOSTER, JJ., concur.