958

[No. 38579.     En Banc.     December 15, 1966.]

KING COUNTY, *Appellant*, v. MERCER ISLAND SEWER DISTRICT, *Respondent.**

*Charles O. Carroll, James E. Kennedy,* and *William L. Paul, Jr.,* for appellant.

*Roberts, Shefelman, Lawrence, Gay & Moch,* for respondent.

ROSELLINI, C. J.—King County brought this action, alleging that an assessment levied by the defendant against its 40-acre park property on Mercer Island was so excessive as to constitute constructive fraud and asking that the assessment be reduced from approximately $34,000 to approximately $1,200. On the motion of the defendant, the action was dismissed at the close of the presentation of the plaintiff's evidence.

The record shows that there is no dispute as to the legality of the formation of the defendant sewer district or the regularity of its proceedings prior to the levying of the assessment. It also shows that the assessment against the plaintiff's property was arrived at in the same manner and according to the same formula as the assessments against other property within the district. Property owners were given notice and an opportunity to be heard on their ob-

*Reported in 421 P.2d 682.

jections to the assessments. No objections were filed by the plaintiff.

 ■ The plaintiff does not suggest that the formula was improper as applied to other property in the district but contends that a different formula should have been used in assessing its land, because of the use to which this property is dedicated. We find in the plaintiff's brief no authorities supporting this proposition; nor do we find any suggestion that the contention could not properly have been presented in an objection to the assessment roll.

RCW 56.20.070 provides:

> Whenever any assessment roll for local improvements shall have been confirmed by the sewer commission of such sewer district as herein provided, the regularity, validity and correctness of the proceedings relating to such improvement, and to the assessment therefor, including the action of the sewer commission upon such assessment roll and the confirmation thereof, shall be conclusive in all things upon all parties, and cannot in any manner be contested or questioned in any proceeding whatsoever by any person not filing written objections to such roll in the manner and within the time provided in this title, and not appealing from the action of the sewer commission in confirming such assessment roll in the manner and within the time in this title provided. No proceedings of any kind shall be commenced or prosecuted for the purpose of defeating or contesting any such assessment, or the sale of any property to pay such assessment, or any certificate of delinquency issued therefor, or the foreclosure of any lien issued therefor: *Provided,* That this section shall not be construed as prohibiting the bringing of injunction proceedings to prevent the sale of any real estate upon the grounds:
>
> (1) That the property about to be sold does not appear upon the assessment roll, or
>
> (2) that said assessment has been paid.

A similar attempt to avoid the effect of this statute was made by property owners in the case of *Wheeler v. Ronald Sewer Dist.*, 58 Wn.2d 444, 364 P.2d 30. There, as here, the plaintiffs did not file written objections to the assessment roll and did not appeal from the confirmation of the roll. We said:

The procedure for an appeal from the decision of the sewer commission is set forth in RCW 56.20.080. It is summary in nature, and the cause is given precedence over all civil causes pending except eminent domain proceedings and actions of forcible entry and detainer. It was the evident purpose of the legislature to provide a speedy and adequate remedy for any person feeling aggrieved by the decision of the commission and to prevent such a person from harassing the commission with lengthy litigation.

We held that, insofar as the complaint sought to challenge the confirmation of the assessment roll, the action was clearly barred under the terms of the act.

The plaintiff in this case has offered no persuasive reason why that case should be overruled. In it, this court simply gave the intended effect to a statute which is clear and unambiguous in its terms and the constitutionality of which has not been challenged. It does not deprive the property owner of a right of judicial review of administrative acts, but simply provides and requires that a certain procedure be followed in obtaining such a review. The requirement is reasonable on its face and serves an obviously legitimate purpose.

Our holding in *Wheeler v. Ronald Sewer Dist., supra,* determines the disposition of this case, and the trial court correctly granted the motion to dismiss.

The judgment is affirmed.

HILL, DONWORTH, WEAVER, OTT, HUNTER, HAMILTON, and HALE, JJ., and BARNETT, J. Pro Tem., concur.