[No. 436-2.    Division Two.    August 10, 1971.]

*In the Matter of* UTILITY LOCAL IMPROVEMENT DISTRICT No. 2.

JOSEPH W. CUSACK *et al., Appellants,* v. KITSAP COUNTY WATER DISTRICT No. 16, *Respondent.*

*Arthur & Hanley* and *Terence Hanley,* for appellants.

*Bishop & Cunningham* and *Gary A. Cunningham,* for respondent.

PETRIE, C.J.—Silverdale Water District No. 16 in Kitsap County supplies water for domestic and irrigation purposes to residents of the community. Pursuant to statutory authority given in RCW 57.16, the Board of Water Commissioners (hereinafter the Board) sought to establish a 9-unit utility local improvement district (ULID No. 2). The appropriate resolution was passed and a public hearing was held on October 15, 1968.

A number of written protests were received by the Board at the October 15 hearing and tabulated in accordance with the statute. The total number of protests for the entire ULID constituted 36.62 per cent of the total land area of the ULID. Protests must constitute at least 40 per cent of the total land area of the ULID before the Board is divested of its jurisdiction to proceed. RCW 57.16.060. Although its jurisdiction was not divested, the Board adopted detailed plans and proceeded with the proposed improvement only for those five units in which the protests represented less than 40 per cent of the land area concerned.

Final estimates of the cost of the project were obtained and the Board filed with the county treasurer the roll of special assessments against the property situated within the improvement district. At a hearing on the proposed assessment roll, the Board considered the written objections to the assessed valuations, confirmed the assessment roll with a few very minor changes, and approved the issuance of bonds to finance the project.

Many of those whose written objections to the assessments had been rejected by the Board filed a timely and proper appeal in the superior court pursuant to RCW 57.16.090. As to those, the trial court essentially granted the relief sought and they are not parties to this appeal. Other individuals who also appealed, however, had not filed written protests with the Board at or prior to the hearing on the assessment roll as required by statute and their appeals

were dismissed by summary judgment. No appeal was taken from that action of the trial court.

The appellants whose appeal was dismissed by summary judgment joined with other property owners in the ULID, who apparently also had not filed a written protest with the Board, and filed a petition in intervention on May 19, 1969, seeking to join in the action with those who had properly protested and appealed. This petition challenged the regularity, validity and correctness of the proposed ULID on basically two grounds: (1) that the entire assessment was arbitrary and excessive and beyond the scope and authority of the district because the Board did not have the authority to create subunits within the ULID, and (2) that one of the water commissioners had an interest in land within the proposed district. Specifically regarding this latter contention, it was alleged that water was necessary on said land in order to effectively plat such land, and that this district was formulated by the Board to improve the financial condition of the individual commissioner involved.[1]

Without initially ruling on the right of the petitioners to intervene, the trial court permitted them to introduce evidence consistent with their theory that the action of the Board was fraudulent, arbitrary and capricious and that the district was insolvent under the statute and could not issue the necessary bonds. At the conclusion of the trial, the court granted permission to intervene, but dismissed the petition on its merits, finding *inter alia* "that the acts of the Water Commissioners were not fraudulent." From the dismissal of their petition, the intervenors have appealed, but no error has been assigned to the court's finding that the acts of the water commissioners were not fraudulent.

In support of the judgment from which this appeal has been taken, the respondent, Silverdale Water District No. 16, argues that the petition should have been dismissed on

[1] Counsel for intervenors in this appeal did not represent them at trial.

jurisdictional grounds because of the failure of the intervenors to follow the statutory procedures required by RCW 57.16.090. Specifically, respondent directs our attention to RCW 57.16.100:

Whenever any assessment roll for local improvements shall have been confirmed by the water district commission of such water district as herein provided, *the regularity, validity and correctness of the proceedings relating to such improvement,* and to the assessment therefor, including the action of the water district commission upon such assessment roll and the confirmation thereof, *shall be conclusive in all things upon all parties, and cannot in any manner be contested or questioned in any proceeding whatsoever by any person not filing written objections to such roll in the manner and within the time provided in this act, and not appealing from the action of the water district commission in confirming such assessment roll in the manner and within the time in this act provided.* No proceedings of any kind shall be commenced or prosecuted for the purpose of defeating or contesting any such assessment, or the sale of any property to pay such assessment, or any certificate of delinquency issued therefor, or the foreclosure of any lien issued therefor: *Provided,* That this section shall not be construed as prohibiting the bringing of injunction proceedings to prevent the sale of any real estate upon the grounds (1) that the property about to be sold does not appear upon the assessment roll, or (2) that said assessment had been paid.

(Italics ours.)

The water district also cites in support of its contention *Wheeler v. Ronald Sewer Dist.,* 58 Wn.2d 444, 364 P.2d 30 (1961) and *King County v. Mercer Island Sewer Dist.,* 69 Wn.2d 958, 421 P.2d 682 (1966), interpreting an almost identical statute relating to sewer districts—RCW 56.20.070. Both cases were independent or collateral actions challenging the regularity, validity and correctness of the proceedings relating to the proposed improvements. In *Wheeler* the plaintiffs contended that the proposed boundaries were grotesque and gerrymandered; in *King County,* plaintiff contended that the assessment was so excessive as

to constitute constructive fraud. In neither case did the objecting plaintiff-appellants follow the statutory procedures required by RCW 56.20.080 in perfecting their appeal. Insofar as those complaints sought to challenge the propriety of the boundaries of the district or the confirmation of the assessment roll, the actions were declared to be clearly barred under the statute.

The court in *Wheeler* stated the policy considerations inherent in its interpretation of the statute as follows at page 446:

> The procedure for an appeal from the decision of the sewer commission is set forth in RCW 56.20.080. It is summary in nature, and the cause is given precedence over all civil causes pending except eminent domain proceedings and actions of forcible entry and detainer. It was the evident purpose of the legislature to provide a speedy and adequate remedy for any person feeling aggrieved by the decision of the commission and to prevent such a person from harassing the commission with lengthy litigation.

Again, in *King County,* the court made the following observation at page 960:

> In it [*Wheeler*], this court simply gave the intended effect to a statute which is clear and unambiguous in its terms and the constitutionality of which has not been challenged. It does not deprive the property owner of a right of judicial review of administrative acts, but simply provides and requires that a certain procedure be followed in obtaining such a review. The requirement is reasonable on its face and serves an obviously legitimate purpose.

We believe these cases are controlling in the case at bar. Because of the similarity in the two statutes, these same policy considerations are equally applicable to water districts as well as to sewer districts. Insofar as the petition in intervention sought to challenge the propriety of the district boundaries or the confirmation of the assessment roll, it was clearly barred by the terms of RCW 57.16.100. Insofar as the petition sought to establish extrinsic fraud (and we express no opinion as to whether or not such action is

515

barred by the failure to comply with the statute), the unchallenged finding of the court must be accepted as a verity.

Judgment affirmed.

PEARSON and ARMSTRONG, JJ., concur.

Petition for rehearing denied September 13, 1971.

Review denied by Supreme Court October 18, 1971.