[No. 6120–1.   Division One.   July 24, 1978.]

GARY E. PETERSON, ET AL, *Appellants,* v. CASCADE
SEWER DISTRICT, *Respondent.*

*J. Richard Aramburu,* for appellants.

*Bonjorni, Harpold & Fiori* and *George Fiori, Jr.,* for respondent.

WILLIAMS, J.—This is an appeal from a judgment of the King County Superior Court which dismissed, for want of jurisdiction, an appeal from the decision of Cascade Sewer District confirming an assessment roll for a utility local improvement district. Affirmed.

■ The procedure for an appeal from the confirmation of an assessment roll is specifically provided by RCW 56.20.080, which is designed to allow property owners within the district a speedy and adequate remedy for any decision of the sewer commission as to an assessment and to prevent such a person from harassing the commission with lengthy litigation. *Wheeler v. Ronald Sewer Dist.*, 58 Wn.2d 444, 364 P.2d 30 (1961). Because such appeal to the superior court is special, and not a right which is inherent or constitutional, jurisdiction is conferred upon the court only if the appeal is taken within the time specified and in the manner designated by the statute. *Goetter v. Colville*, 82 Wash. 305, 144 P. 30 (1914).

Initially, the persons objecting to the assessment roll were Gary E. Peterson, Bennett E. Meador, William H. Fischer, Reiner Dirks and Wilma Beckler. Dirks and Beckler are not parties to the present appeal. Of the remaining three, only Peterson and Meador made written objections at, or prior to, the assessment roll hearing, as required by RCW 56.20.050, and only Peterson owned property within the local improvement area and listed on the assessment roll.

Each assignment or error will be discussed in turn.

Assignment of error No. 1

The trial court erred in ordering dismissal of this case "for lack of jurisdiction on the ground and for the reason that only one bond on behalf of all plaintiffs was filed."

■ RCW 56.20.080 provides that the person appealing from the confirmation of the assessment roll must, among other steps, post a $200 bond at the time of filing the notice of appeal with the clerk of the superior court. A similar bond provision is contained in RCW 57.16.090, concerning assessment rolls in water districts. The Supreme Court decided the issue in *In re Utility Local Improvement Dist. 1*, 53 Wn.2d 270, 275, 333 P.2d 670 (1958):

The appellants' final contention that the trial court erred in dismissing the appellants' appeal from the decision of the water commissioners upon their objection to

the assessment roll, by failure to file, individually, a two-hundred-dollar cost bond, is without merit. RCW 57.16-.090 relates to the individual property owners making objection to the assessment against their specific property. The assessments must be reviewed separately on the basis of the special benefits conferred by the improvement. The statute therefore, by necessity, relates to the appellants in the singular.

Like RCW 57.16.090, RCW 56.20.080 "relates to individual property owners making objection to the assessment against their specific property." Thus, because no individual bonds were timely filed in this case, the Superior Court did not acquire jurisdiction.

Assignment of error No. 2

The trial court erred in dismissing this action "for lack of jurisdiction on the ground and for the reason that the transcript was not filed within the time required by statute."

The statute provides that the transcript, consisting of the assessment roll and objections thereto, together with the resolution confirming the roll and the record of the sewer commission with reference to the assessment, must be filed within 10 days of the filing of the notice of appeal. This was not done, and the step is jurisdictional. *Goetter v. Colville, supra.* The late filing of the transcript was not excusable for failure of the official preparing it to cooperate as in *In re Local Improvement Dists. 29–37*, 108 Wash. 211, 183 P. 107 (1919).

Assignment of error No. 3

The trial court erred in dismissing this action as to plaintiffs Bennett Meador, William Fischer and Reiner Dirks for "lack of jurisdiction on the ground and for the reason that these individuals were not within the ULID and thereby lacked standing to bring this statutory appeal."

The power of the superior court is restricted by this provision of RCW 56.20.080:

The judgment of the court shall confirm, correct, modify or annul the assessment insofar as the same affects the property of the appellant.

■ The power of the appellate courts is also limited in the same section:

The supreme court or the court of appeals on such appeal may correct, change, modify, confirm or annul the assessment insofar as the same affects the property of the appellant.

RCW 56.20.080. Therefore, persons not having property affected by the assessment roll have no remedy to seek in the proceeding, and, hence, have no standing. The special proceeding for review provided by the statute may not be employed by persons not affected by the assessment roll. *See Lees v. Wardall,* 16 Wn. App. 233, 554 P.2d 1076 (1976); *Pine Corp. v. Richardson,* 12 Wn. App. 459, 530 P.2d 696 (1975).

Assignment of error No. 4

The trial court erred in dismissing this action as to plaintiffs William Fischer and Reiner Dirks "for lack of jurisdiction and on the ground that these individuals did not file protests as required by the statute for appeal."

■ As seen, the filing of written objections to the assessment roll at, or prior to, the hearing before the commission is jurisdictional. RCW 56.20.050. The assignment is without merit.

Affirmed.

JAMES and DORE, JJ., concur.