[No. 8627–8–I.   Division One.   April 27, 1981.]

FISHER BROTHERS CORPORATION, ET AL, *Appellants,* v. DES MOINES SEWER DISTRICT, *Respondent.*

*Snure & Fleck* and *Rynold C. Fleck,* for appellants.

*Edward W. Taylor,* for respondent.

WILLIAMS, J.—This is a review of a judgment of the King County Superior Court dismissing for want of jurisdiction, an appeal from the decision of Des Moines Sewer District confirming an assessment roll for a utility local improvement district. The notice of appeal by five property owners from the district to the Superior Court was filed on July 24, 1979 and a $200 bond posted. On February 7, 1980, an additional bond of $800 was posted and the cause was heard on the fourteenth of that month. After the conclusion of the taking of evidence, the district moved to dismiss because the second bond was not timely filed, the court therefore not having jurisdiction. The motion was granted and this appeal ensued.

▪ The statute, RCW 56.20.080, provides that any person appealing from the confirmation of the assessment roll must, among other steps, post a $200 bond at the time of filing the notice of appeal with the clerk of the superior court. The statute relates to individual property owners. Each must post a $200 bond. *Peterson v. Cascade Sewer Dist.,* 20 Wn. App. 750, 582 P.2d 895 (1978). The five owners completed the appeal requirements 7 months too late. We said in *Peterson v. Cascade Sewer Dist., supra* at page 752:

> The procedure for an appeal from the confirmation of an assessment roll is specifically provided by RCW 56.20.080, which is designed to allow property owners within the district a speedy and adequate remedy for any decision of the sewer commission as to an assessment and to prevent such a person from harassing the commission with lengthy litigation. *Wheeler v. Ronald Sewer Dist.,* 58 Wn.2d 444, 364 P.2d 30 (1961). Because such appeal to the superior court is special, and not a right which is inherent or constitutional, jurisdiction is conferred upon

the court only if the appeal is taken within the time specified and in the manner designated by the statute. *Goetter v. Colville,* 82 Wash. 305, 144 P. 30 (1914).

The judgment of dismissal is affirmed.

CALLOW, J., concurs in the result.

RINGOLD, A.C.J. (concurring)—My concurrence in the result here is compelled by prior case law. *Goetter v. Colville,* 82 Wash. 305, 144 P. 30 (1914); *In re Utility Local Improvement Dist. 1,* 53 Wn.2d 270, 333 P.2d 670 (1958); *Peterson v. Cascade Sewer Dist.,* 20 Wn. App. 750, 582 P.2d 895 (1978). The Supreme Court, discussing a closely related subject, stated in *Goetter*: "An appeal from the decision of the city council in a local assessment proceeding is special, and not a right which is inherent or constitutional." *Goetter,* at 306. If this is an accurate statement of the law substantial compliance with the provisions of RCW 56.20.080 is necessary to confer the superior court with jurisdiction. *See In re Saltis,* 94 Wn.2d 889, 621 P.2d 716 (1980).

Obscured by history and neglect, has been the significance and applicability of article 4, section 6 (amendment 65) of the state constitution, governing jurisdiction of superior courts. Since 1889 the constitution has provided: "The superior court shall have original jurisdiction in all cases . . . which involve . . . the legality of any . . . assessment". If this constitutional provision creates original jurisdiction here, the requirements of RCW 56.20.080 are merely procedural and are waived by not raising the issue until after trial.

The parties have not asked us to reexamine the constitutional holding of *Goetter* or to determine whether the issues concern the "legality of any . . . assessment". *See Thomas v. Lincoln County,* 41 Wash. 150, 83 P. 18 (1905). Stare decisis compels me to follow *Goetter* though I have

serious doubts that it is correct.

CALLOW, J., concurs with RINGOLD, A.C.J.

Reconsideration denied June 23, 1981.

Review granted by Supreme Court September 25, 1981.