[No. 3013. Decided December 12, 1898.]

J. C. WHITE, *Respondent,* v. CITY OF TACOMA, *Appellant.*

OBJECTIONS TO STREET ASSESSMENTS—APPEAL TO SUPERIOR COURT—NOTICE.

Where a property owner desires to appeal to the superior court from an order of the city council confirming a re-assessment of the cost of a street improvement, made under Laws 1893, p. 226, he must, in order to give the court jurisdiction, within ten days after the confirmation file with the city clerk a notice of appeal, in which is set forth a description of the property and his objections to the assessment.

Appeal from Superior Court, Pierce County.—Hon. JAMES A. WILLIAMSON, Judge. Reversed.

*W. H. Pritchard,* and *Walter M. Harvey,* for appellant.

*J. W. A. Nichols,* for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent is the owner of lots five and six, in block 813, of the original plat of the city of Tacoma. In the early part of the year 1892 the appellant city caused South Eighth street, in said city, to be improved by grading and sidewalking the same along and adjoining block 813, and, for the purpose of paying for such improvement, levied an assessment against said lots for their proportionate share of the cost of said improvement. This assessment was subsequently, by a decree of the superior court of Pierce county, held to be void and of no legal effect. In April, 1897, the city, conformably to the provisions of ch. 95 of the Session Laws of 1893, p. 226 (Bal. Code, §§ 1139-1149), providing for re-assessment of costs of local improvements in cities and towns, passed an ordinance ordering a re-assessment of the cost of said improvement, and in June of that year the re-assessment was made

by the proper officers of the city, in compliance with such previous ordinance. Subsequent thereto, the city gave notice, as required by law, of such re-assessment and of the date fixed by the council for hearing and considering objections thereto. In pursuance of such notice, the respondent appeared before the council and filed written objections, which were overruled, and the re-assessment was, by ordinance passed and approved July 2, 1897, duly confirmed. On July 21st, the respondent served on the city attorney and also on the city clerk of the appellant city a notice of appeal to the superior court from the action of the city council in confirming such re-assessment. Thereafter, counsel for the city moved the court to dismiss the appeal, because the same was not given within the time prescribed by law, and because the notice itself did not describe the objections of the appellant to the assessment sought to be appealed from. This motion was overruled and, upon final hearing, the court made its decree annulling and setting aside the re-assessment so far as the same purports to affect respondent's lots. The present appeal is from that decree.

The first error assigned is the ruling of the superior court upon appellant's motion to dismiss the appeal which respondent attempted to take from the decision of the council. We think the motion should have been granted for want of jurisdiction in the superior court to entertain the appeal.

It clearly appears that the appeal was attempted under the provisions of §§ 2 and 3, of chapter 51, Session Laws 1897, p. 77 (Bal. Code, §§ 1121, 1122), relating to the foreclosure of liens for local improvements, and in nowise complies with the requirements of §§ 8 and 9 of chapter 95 (Laws 1893, p. 230, Bal. Code, §§ 1146, 1147). It was under the latter chapter that this proceeding was initiated. The council derived jurisdiction to re-assess solely by

virtue of that chapter, and only by complying with its provisions relating to appeals could the superior court acquire jurisdiction. By § 9 of that chapter, a written notice of appeal is required to be filed with the city clerk within ten days after the re-assessment roll shall have been approved and confirmed by the council, and the notice itself is required to describe the property and the objections of the appellant. It is not pretended that there was any attempt on the part of the respondent to comply with these requirements, and we are clearly of the opinion that the superior court was without jurisdiction to enter the decree which is appealed from. It must be reversed and the cause remanded, with direction to the superior court to dismiss the proceeding.

SCOTT, C. J., and ANDERS, DUNBAR and REAVIS, JJ., concur.