[No. 11867.  Department One.  November 17, 1914.]

FRANK B. GOETTER *et al., Appellants,* v. THE CITY OF
COLVILLE *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENTS—APPEAL
—TRANSCRIPT—JURISDICTION.  Since the right of appeal from the city
council in local assessment proceedings is statutory, and must be
taken in the manner specified by law, the superior court acquires
no jurisdiction on an appeal from an order of the council confirming
an assessment, where the transcript did not contain "the record of
the council with reference to the assessment," as required by 3 Rem.
& Bal. Code, § 7892-22, providing the manner and time for taking
the appeal, especially in view of Id., § 7892-23, making the judgment
conclusive on all persons unless the appeal is taken "in the time and
within the manner in this act provided."

SAME—ASSESSMENTS—APPEAL—TRANSCRIPT—AMENDMENT.  On ap-
peal from the city council confirming the assessment roll, since the
filing of the transcript within ten days is necessary to confer juris-
diction, the transcript is not thereafter amendable by a supplemental

Appeal from a judgment of the superior court for Stevens
county, Kennan, J., entered December 6, 1913, dismissing an
appeal from a decision of the city council confirming an as-
sessment roll, after a hearing before the court.  Affirmed.

*Carey & Johnson* and *S. Douglas,* for appellants.

*Stull, Wentz & Bailey* and *F. Leo Grinstead,* for respond-
ents.

MAIN, J.—This is an appeal from a judgment of the su-
perior court, which dismissed an appeal from the decision of
the city council confirming an assessment roll for a local im-
provement.

On April 22, 1913, the city council of the city of Colville,
Washington, a municipal corporation of the third class,
adopted a resolution declaring its intention to order the con-
struction of a sewer system for the sewerage of territory em-

[1]Reported in 144 Pac. 30.

braced within the boundaries as defined by the resolution. On May 27, 1913, after due and proper notice and a hearing upon the proposed improvement had been given, the city council passed an ordinance providing for the improvement. Thereafter a contract was let for the construction of the sewer system. In due course, an assessment roll was prepared and filed with the clerk of the city. A time and place was then fixed for a hearing upon the roll and notice thereof given. Prior to the hearing upon the roll, the appellants filed with the city clerk written objections thereto. On October 7, 1913, the city council, by ordinance, confirmed the assessment roll. On October 23, 1913, Frank B. Goetter and wife filed with the city clerk, and with the clerk of the superior court for Stevens county, their notice of appeal and bond on appeal. On November 1, 1913, the appellants filed with the clerk of the superior court a transcript which contained, among other things, the assessment roll, the appellants' objections thereto, and the ordinance confirming the roll. This transcript did not contain the record of the city council with reference to the assessment.

When the cause came on for trial, a motion was made to dismiss the appeal, on the ground that the appeal was ineffective because it did not contain the record of the city council relative to the assessment. This motion was sustained. Thereupon the appellants asked leave to supplement the record. This request was denied. Judgment was entered dismissing the appeal. From this judgment, Goetter and wife have appealed.

The record presents two questions: First, Did the transcript as filed in the superior court embody those things which were necessary to confer jurisdiction upon the superior court? And second, Did the court err in declining to permit the transcript to be amended or supplemented?

I. An appeal from the decision of the city council in a local assessment proceeding is special, and not a right which is inherent or constitutional. If a right of appeal exists, it

must be by virtue of a statute. In the absence of a statute, no such right would exist. 2 McQuillin, Municipal Corporations, § 2129; *Randolph v. Indianapolis*, 172 Ind. 510, 88 N. E. 949. In the case last cited, it was said:

"Statutory provisions for the improvement of streets and other highways, and for the assessment of the costs thereof against the property benefited, are special in character, and unless expressly granted no appeal lies from any action or decision of the board or tribunal conducting such proceedings."

Since the right to appeal must be given by an express statutory provision, an appeal is not effective unless it is taken within the time specified and in the manner designated by the statute. In the text of 1 Abbott on Municipal Corporations, § 377, the rule is stated thus:

"As the right of appeal and review is a statutory one, the provisions requiring or providing for its exercise within a certain specified time, or in a designated manner, are generally considered mandatory and if the right is not so exercised by the property owner it is forfeited or lost. . . ."

Jurisdiction is conferred upon the superior court to hear appeals from decisions of the city council only by complying with the provisions of the statute. In *White v. Tacoma*, 20 Wash. 361, 55 Pac. 319, it was said:

"The council derived jurisdiction to re-assess solely by virtue of that chapter [Chap. 95, Laws 1893, p. 230], and only by complying with its provisions relating to appeals could the superior court acquire jurisdiction."

By § 22 of the local improvement law (Laws 1911, ch. 98, p. 453; 3 Rem. & Bal. Code, § 7892-22), the right of appeal from the decision of the city council is given to objecting property owners and the method of its exercise is specified. It is there provided:

"Such appeal shall be made by filing written notice of appeal with the clerk of such city or town and with the clerk of the superior court in the county in which such city or town is situated within ten days after the ordinance confirming such

assessment roll shall have become effective, and such notice shall describe the property and set forth the objections of such appellant to such assessment; and, within ten days from the filing of such notice of appeal with the clerk of the superior court, the appellant shall file with the clerk of said court, a transcript consisting of the assessment roll and his objections thereto, together with the ordinance confirming such assessment roll, and the record of the council or other legislative body with reference to said assessment, . . ."

By this statute the appeal becomes effective by giving the notice therein required, and by filing a transcript within the time specified, which shall contain, (a) the assessment roll, (b) the objections thereto, (c) the ordinance confirming the same, and (d) the record of the council with reference to the assessment.

Section 23 (Id., § 7892-23) of the same chapter provides that, whenever the assessment roll for the local improvement shall have been confirmed by the council, it shall be conclusive in all things upon all parties not appealing from the action of the city council in confirming the roll "in the manner and within the time in this act provided." Unless the appeal is taken within the time and in the manner specified, it is ineffective. The language of the statute is clear and explicit and mandatory in its terms. It was no doubt the intention of the legislature to provide that no right of appeal should exist unless taken in the manner provided in the statute. As already stated, the transcript filed in the superior court did not contain the record of the city council with reference to the assessment, as required by the statute. The statute not being complied with, the superior court did not acquire jurisdiction.

The appellants in this connection cite and rely upon the case of *Ahrens v. Seattle*, 39 Wash. 168, 81 Pac. 558. That case, however, is not in point upon the question here presented.

II.   Did the court err in refusing to permit the transcript to be supplemented?  The general rule is—and this

seems to be recognized by the appellants—that those things which go to the jurisdiction cannot be supplied after the time fixed in the statute for taking the appeal has expired, and that only defects in the transcript which are not of a jurisdictional character are amendable, in the discretion of the court. *Burchell v. Averill Machinery Co.*, 55 Ore. 113, 105 Pac. 403.

Since a compliance with the statute was necessary to confer jurisdiction, the trial court did not err in refusing to permit the amendment. The situation is not analogous to that presented under the general statute of appeals which provides for the filing of a transcript. There the statute (Rem. & Bal. Code, § 1729; P. C. 81 § 1211), expressly makes provision for a supplemental transcript. In addition to that, the general statute of appeals (Rem. & Bal. Code, § 1719; P. C. 81 § 1189), provides that the appeal becomes effective by the giving of notice, and may become ineffectual (Rem. & Bal. Code, § 1721; P. C. 81 § 1193), by failing to give a bond within the time specified. In the present case, one of the necessary steps in perfecting the appeal was to file a transcript, as required by the statute.

The judgment will be affirmed.

CROW, C. J., GOSE, ELLIS, and CHADWICK, JJ., concur.