[No. 41965.   En Banc.   February 10, 1972.]

JOHN M. LANSINGER, JR., *et al.*, *Appellants*, v. LOCAL IM-PROVEMENT DISTRICT 6368, *Respondent*.

*Lee, Carney, Smart & Bever,* by *Milton C. Smith,* for appellants.

*A. L. Newbould, G. Grant Wilcox,* and *Donald H. Stout,* for respondent.

HALE, J.—Appellants contend that they should not be required to pay a $1,203.50 local improvement district assessment for a sanitary sewer constructed adjacent to the rear of their property because it does not benefit their property. Defendant City of Seattle asserts that the plaintiffs failed to make a timely appeal from the ordinance

confirming the assessment and that under the statutes this ended the matter. The case is here on appellants' appeal from a summary judgment dismissing their appeal to the superior court.

The Lansingers, husband and wife, owned a house and lot within Seattle's LID No. 6368, established for the construction of sanitary sewers. Long before creation of the LID, their lot had been and was served at the front by an existing sewer; the new LID sewer adjoins their property at the rear. Under existing zoning and building regulations, the Lansingers' lot is apparently large enough for an additional building site, but they contend that this is illusory because the irregular terrain, land contour and soil conditions render it unbuildable. They argue that, since their house is already served at the front of the lot by a long-existing sewer, and the rear area of their lot, while of adequate area, is impracticable as a building site, they will be left with a new LID sanitary sewer assessment that affords them no benefit.

The merit of these contentions is not before us, and we do not reach the question of whether the Lansingers' property was legally benefited by construction of the LID sewer at the rear of their lot. Our problem is whether the Lansingers preserved their objections and protests of the assessment so as to be able to litigate them. The trial court held that they did not, and we affirm that decision.

After the sewer had been constructed, the City of Seattle, acting for LID 6368, mailed to the Lansingers, as required by law, a written notice of the amount of the assessment ($1,203.50), informing them of the time (November 24, 1970) and place where the city council would hear and consider confirmation of the assessment roll, and that objections to confirmation had to be made in writing—all as prescribed by RCW 35.44.080. The Lansingers filed written objections stating their reasons why they should not be assessed and, appearing personally before the city council, stated their objections orally.

Thereafter, December 14, 1970, the city council passed

and on December 17 the mayor approved ordinance 99517 confirming each of the separate assessments in LID 6368 including the individual assessment of $1,203.50 against plaintiffs' property. The ordinance contained an emergency clause making it effective upon approval by the mayor—December 17, 1970—the date from which, according to statute (RCW 35.44.210), an appeal must be taken within 10 days. This raises the pivotal issue in the case.

The Lansingers did not file any appeal papers within the statutory period. Not until January 15, 1971—29 days after the effective date of the ordinance confirming the assessment roll—did they file with the clerk of the superior court and January 18, 1971, with the clerk's office of the City of Seattle, their appeal from the ordinance confirming the LID assessment on their property.

The superior court on motion by defendant city entered summary judgment dismissing appellants' appeal for want of jurisdiction to hear it on the ground that the appeal was barred unless filed within 10 days of the effective date of the ordinance. Plaintiffs now appeal the dismissal, contending that the statute limiting the appeal time to 10 days is unconstitutional as a denial of due process of law and that, additionally, the city was obliged to give either personal or published notice of its adoption. They argue that article 4, section 13 of the city charter required that the ordinance (No. 99517) confirming the assessment had to be published by the city at least once in an official newspaper.[1] Failure to publish the ordinance along with the city's failure to give personal notice of its enactment so that objecting owners would have direct actual notice that the 10 days' time for appeal had commenced to run, both separately and in combination, amounted, plaintiffs say, to a denial of due process.

---

[1]Seattle Charter, Art. 4, § 13: "All ordinances and resolutions shall be deposited with the city clerk, who shall record the same. All ordinances of a general, public or permanent nature, and those imposing a fine, penalty or forfeiture, shall be published at least once in the city official newspaper within three days after the same shall have become a law; . . . ."

Appellants cite no authority for the proposition that a city ordinance confirming an LID assessment roll is of such a "general, public or permanent nature" (article 4, section 13) as to require that it be published at least once in an official newspaper, and it is unlikely that any strong authority for it exists. Ordinance 99517, confirming the assessment primarily imposed by ordinance 97041, which created the LID, is by its very nature impermanent and without general application. Ordinance 99517 simply confirms and its life was limited by ordinance 97041 creating LID 6368 which limited to 12 years the time available for the collection of the assessments on installments. Ordinance 99517, an ordinance to confirm what had already been duly enacted, includes all of the limitations contained in the ordinance (97041) it confirmed.

If an ordinance expires by its own terms, that is, loses its effect in 12 years and applies specifically to only a comparatively small district, area or neighborhood, it is not, in our opinion, a general or permanent ordinance, and it is not subject to compulsory publication as prescribed by article 4, section 13 of the Seattle charter. 5 McQuillin, Municipal Corporations § 15.11 (3d ed. 1969); *El Dorado v. Citizens' Light & Power Co.*, 158 Ark. 550, 250 S.W. 882 (1923); *Donovan v. Louisville*, 299 S.W.2d 636, 639 (Ky. 1957).

Although the ordinance was not of such permanent and general a nature as to require publication, this determination does not resolve all of appellants' contentions. There remains the question of whether the city owed the property owners actual personal notice of the adoption of the ordinance confirming the assessment, and whether without such notice the statutory time limit of 10 days operated to deprive them of their property without due process of law.

Consistent with minimum requirements of notice, the legislature may adopt reasonable standards for the speedy hearing and disposition of objections to an LID assessment. As long as an owner whose land may become subject to an LID assessment is notified in such a way that, by the exercise of reasonable diligence on his own behalf,

he may raise his objections and follow the course of the LID legislation, then the legislature may prescribe other kinds of notice short of that required in a formal judicial proceeding.

Appeals from the imposition of an LID assessment under RCW 35.44.210 must be taken as follows:

> The notice of appeal must be filed within ten days after the ordinance confirming the assessment roll becomes effective and shall describe the property and set forth the objections of the appellant to the assessment.

and, to be perfected (RCW 35.44.200):

> The decision of the council or other legislative body, upon any objections made in the manner and within the time herein prescribed, shall be final and conclusive, subject however to review by the superior court upon appeal. The appeal shall be made by filing written notice of appeal with the city or town clerk and with the clerk of the superior court of the county in which the city or town is situated.

According to the statute, therefore, one objecting to an LID assessment has 10 days from the effective date of the ordinance confirming the assessment in which to file his notice of appeal with the city clerk, and within 10 days thereafter must file the notice of appeal, transcript of the assessment roll, and his objection with the clerk of the superior court. Failing to take both of these steps in the form and manner prescribed and within the periods specified leaves the appeal fatally defective. RCW 35.44.210.

Thus, since actual notice of the impending assessment had been delivered to them which stated the amount of the assessment on their property and informed them of their right to file objections to the assessment at a specified place and time, appellants' position is untenable unless the 10-day period fixed by statute is held inadequate in law to afford a reasonable time and opportunity.

On the question of notice, as it applies to due process of law, this court long ago in *New Whatcom v. Bellingham Bay Imp. Co.*, 16 Wash. 131, 47 P. 236 (1896), in an

assessment case, said that "It is well settled that the legislature has power primarily to prescribe the kind of notice to be given." *Accord: Marks v. Detroit,* 246 Mich. 517, 224 N.W. 619 (1929); *Voigt v. Detroit,* 184 U.S. 115, 46 L. Ed. 459, 22 S. Ct. 337 (1902); and *Winona & St. Peter Land Co. v. Minnesota,* 159 U.S. 526, 40 L. Ed. 247, 16 S. Ct. 83 (1895).

We have been unable to conclude that the period is unconstitutionally short. Historically, the 10-day period and the method and manner for appeals from LID assessments prescribed in RCW 35.44.210 have been a part of the law of this state at least since the adoption of Laws of 1901, chapter 118, p. 240, which, with slight modification from time to time, has been brought down to this day substantially unchanged. *Goetter v. Colville,* 82 Wash. 305, 144 P. 30 (1914), sustained the statute of that day which fixed the time at 10 days for filing appeals from the ordinance confirming the assessment roll. Again, in *In re Subdistrict "C" Drainage Imp. Dist.* 7, 122 Wash. 340, 210 P. 796 (1922), where the county commissioners confirmed the assessment roll but their clerk was dilatory in transcribing their actions to the journal, the court by necessary implication upheld the 10-day statutory period; it ruled that the 10-day period commenced to run with the posting of the commissioners' action in the journal, declaring *inter alia*:

> This is a public record and, when this act is performed, constructive notice is given to every one of what the commissioners have done.

■, As in that case, appellants here, having received notice to appear if they wished to present their objections to the assessment roll, had constructive notice of any public proceeding openly taken by the city council relating to the assessment roll. By examining the public records or making simple inquiry about the ordinance of confirmation, appellants could readily have ascertained both when it would be up for enactment and the time of its adoption.

■ The final question to be answered is whether failure

to follow prescribed procedures for protest precludes plaintiffs from being heard on appeal. We answered this in *Corporation of the Catholic Archbishop v. Seattle*, 69 Wn.2d 570, 418 P.2d 1008 (1966), a suit to enjoin a local improvement district from bringing an assessment on plaintiff's property, saying, at page 572:

The statute provides the exclusive methods by which one's objections to confirmation of the assessment roll may be heard . . .

. . .

. . . The statute likewise prescribes the procedures for review thereof by the superior court and the Supreme Court. . . .

. . .

Because the statutes prescribe the methods to be followed and the remedies available in a challenge to the LID assessment roll or liens thereby created, the superior court was without jurisdiction to consider petitioner's objections . . .

*Accord: Goetter v. Colville, supra.*

Accordingly, we are of the opinion that the statute (RCW 35.44) provides the exclusive method and means of taking an appeal from a denial of objections to an LID assessment; that the procedures prescribed by statute for presenting those objections to the assessing body are reasonable; and that the 10-day periods fixed for filing appeals with the city clerk and the superior court clerk do not constitute a denial of due process of law in the absence of direct and actual notice.

The judgment is, therefore, affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, NEILL, STAFFORD, and WRIGHT, JJ., concur.