[No. 3594-42912-1. Division One. December 15, 1975.]

SIDNEY HULO, ET AL, *Appellants*, v. THE CITY OF REDMOND, ET AL, *Respondents*.

*J. Richard Manning*, for appellants.

*John D. Lawson*, for respondents.

JAMES, J.—Pursuant to an appropriate resolution authorized by RCW 35.43.070, the City Council of defendant City of Redmond adopted an ordinance creating a local improvement district (LID) for the construction of street improvements. Plaintiff Hulo and other owners of property subject to assessment brought this action to declare the LID invalid. The trial judge ruled that the suit was barred as untimely by RCW 35.43.100[1] and granted the City's motion for a summary judgment of dismissal.

Plaintiffs contend that the limitation provided by RCW 35.43.100 is inapplicable because in conflict with RCW 35.43.180,[2] which permits owners subject to 60 percent of

[1] "The council may continue the hearing upon any petition or resolution provided for in this chapter and shall retain jurisdiction thereof until it is finally disposed of. The action and decision of the council as to all matters passed upon by it in relation to any petition or resolution shall be final and conclusive. No lawsuit whatsoever may be maintained challenging the jurisdiction or authority of the council to proceed with the improvement and creating the local improvement district or in any way challenging the validity thereof or any proceedings relating thereto unless that lawsuit is served and filed no later than thirty days after the date of passage of the ordinance ordering the improvement and creating the district or, when applicable, no later than thirty days after the expiration of the thirty-day protest period provided in RCW 35.43.180." RCW 35.43.100.

[2] "The jurisdiction of the legislative authority of a city or town to proceed with any local improvement initiated by resolution shall be divested by a protest filed with the city or town council within thirty days from the date of passage of the ordinance ordering the improvement, signed by the owners of the property within the proposed local improvement district or utility local improvement district subject to sixty percent or more of the total cost of the improvement including federally-owned or other nonassessable property as shown and determined by the preliminary estimates and assessment roll of the proposed improvement district or, if all or part of the local improvement district or utility local improvement district lies outside of the city or town,

the assessable costs of the improvement to restrain a city from proceeding with a local improvement district which was initiated by council resolution. Plaintiffs argue that the trial judge instead should have granted the relief they sought since they had shown that they had timely mustered the required number of protests to defeat the LID and that in forming the LID, the City had failed to comply with the State Environmental Policy Act of 1971. RCW 43.21C. We affirm.

The City Council passed the ordinance on December 5, 1972. It is agreed that by RCW 35.43.180 the protesting owners had until January 4, 1973 (30 days) in which to file the requisite number of protests to divest the Council of jurisdiction to proceed further with the LID. At a regularly scheduled meeting of the Council on January 16, 1973, the city attorney informed the Council that the number of protests filed was insufficient and recommended that the Council proceed with the LID, which it decided to do. It is further agreed that the protests would have been sufficient had it not been that one protest was disallowed because it was not signed by the property owner whose name was typewritten on the document offered as a protest. Thereafter, on January 22, 1973, the City notified affected prop-

---

such jurisdiction shall be divested by a protest filed in the same manner and signed by the owners of property which is within the proposed local improvement district or utility local improvement district but outside the boundaries of the city or town, and which is subject to sixty percent or more of that part of the total cost of the improvement allocable to property within the proposed local improvement district or utility local improvement district but outside the boundaries of the city or town, including federally-owned or other nonassessable property: *Provided,* That such restraint by protest shall not apply to any local improvement by sanitary sewers or watermains and fire hydrants where the health officer of any city or town shall file with the legislative authority thereof a report showing the necessity for such improvement accompanied by a report of the chief of the fire department in the event such improvement includes fire hydrants, and such legislative body finds and recites in the ordinance or resolution authorizing the improvement that such improvement is necessary for the protection of the public health and safety and such ordinance or resolution is passed by unanimous vote of all members present." RCW 35.43.180.

erty owners by mail that it was proceeding with the LID. Plaintiffs commenced this action on February 27, 1973.

Plaintiffs' argument is that RCW 35.43.100 limits only "the period during which one may file a lawsuit alleging procedural irregularities in the creation of a local improvement district," and that the statute "may not be used to take away the statutory right of property owners to protest the action of their legislative body and nullify RCW 35.43.180."

In support of their theory, plaintiffs point out that unless the two statutes are so construed, "the city could wait until more than 30 days after the expiration of the 30-day protest period provided in RCW 35.43.180, before declaring that the protests are insufficient" and thus effectively nullify RCW 35.43.180. Plaintiffs assert that their complaint raises "a substantive constitutional question of such a taking of property and a denial of due process of law."

■ Washington early adopted the well-settled rule that because there is no inherent or constitutional right to appeal from a decision of a city council in a local assessment proceeding, judicial review may be afforded only by statute.

> An appeal from the decision of the city council in a local assessment proceeding is special, and not a right which is inherent or constitutional. If a right of appeal exists, it must be by virtue of a statute. In the absence of a statute, no such right would exist. 2 McQuillin, Municipal Corporations, § 2129; *Randolph v. Indianapolis*, 172 Ind. 510, 88 N. E. 949.

*Goetter v. Colville*, 82 Wash. 305, 306-07, 144 P. 30 (1914).

In *Lansinger v. Local Improvement Dist. 6368*, 80 Wn.2d 254, 261, 493 P.2d 1008 (1972), our Supreme Court most recently reaffirmed the equally well-settled ruling of *Goetter* that:

> Since the right to appeal must be given by an express statutory provision, an appeal is not effective unless it is taken within the time specified and in the manner designated by the statute.

*Goetter v. Colville, supra* at 307.

The hypothetical example posed by plaintiffs demonstrates that the statutory scheme might better provide for a time limitation after a *ruling* on the sufficiency of the protests. But the requirement of RCW 35.43.100 is clear and unequivocal. No "lawsuit whatsoever . . . in any way challenging the validity" of an LID may be commenced later than "thirty days after the date of passage of the ordinance ordering the improvement and creating the district or, when applicable, no later than thirty days after the expiration of the thirty-day protest period provided in RCW 35.43.180." RCW 35.43.100.

LID protesters must exercise reasonable diligence to protect their statutorily given rights.

> Consistent with minimum requirements of notice, the legislature may adopt reasonable standards for the speedy hearing and disposition of objections to an LID assessment. As long as an owner whose land may become subject to an LID assessment is notified in such a way that, by the exercise of reasonable diligence on his own behalf, he may raise his objections and follow the course of the LID legislation, then the legislature may prescribe other kinds of notice short of that required in a formal judicial proceeding.

*Lansinger v. Local Improvement Dist. 6368, supra* at 258-59. In the event that a city council should fail to rule upon the sufficiency of an LID protest, a protesters' suit "challenging the jurisdiction or authority of the council to proceed," RCW 35.43.100, would necessarily be an action for a declaratory judgment rather than a challenge to an adverse ruling. Under the clear mandate of RCW 35.43.100, it would have to be brought no later than 60 days after the date of passage of the ordinance. In *Lansinger* at page 260, our Supreme Court was "unable to conclude that [a 10-day period in which to appeal from an LID assessment] is unconstitutionally short," and held that the statute, RCW 35.44.210, "provides the exclusive method and means of taking an appeal from a denial of objections to an LID

assessment; . . ." *Lansinger v. Local Improvement Dist. 6368, supra* at 261. We likewise are unable to conclude that the time requirements of RCW 35.43.100 create an unconstitutional denial of due process of law.

The last possible day for initiating action within the two 30-day protest periods provided by RCW 35.43.100 was February 4, 1973. Plaintiffs' action not only was untimely under the statute, it was also more than 30 days after notification of the Council's action. There was, therefore, no conceivable denial of due process of law. The trial judge did not err in ruling that the action was barred by RCW 35.43.100.

Consequently, we do not consider plaintiffs' other assignments of error.

Affirmed.

SWANSON and CALLOW, JJ., concur.