[No. 47931–3.   En Banc.   April 8, 1982.]

FISHER BROTHERS CORPORATION, ET AL, *Petitioners,*
v. DES MOINES SEWER DISTRICT, *Respondent.*

*Snure & Fleck, Rynold C. Fleck,* and *Clark B. Snure,* for petitioners.

*Day, Taylor, Lombard & Kiefer,* by *Edward W. Taylor* and *Robert L. Christie,* for respondent.

DIMMICK, J.—The Des Moines Sewer District confirmed an assessment roll for a local improvement district. Petitioners, five property owners within the district, sought review of that decision by the King County Superior Court. They filed a notice of appeal and posted a $200 bond pursuant to RCW 56.20.080. An additional bond of $800 was posted 1 week prior to trial. At the conclusion of trial, the District moved to dismiss the action because the second bond was not timely filed under RCW 56.20.080 and therefore the trial court lacked jurisdiction. The trial judge acknowledged that petitioners had prevailed on the merits but granted the motion. The Court of Appeals, Division One, affirmed the dismissal. We reverse and remand.

The issue herein is whether the bond requirement of RCW 56.20.080 is procedural or jurisdictional. We determined that the statute read in light of Const. art. 4, § 6 of the state constitution merely governs procedures and does not affect the court's subject matter jurisdiction. We also conclude that petitioners substantially complied with the statute and thus are entitled to a judgment on the merits.

RCW 56.20.080 provides in pertinent part:

> The decision of the sewer commission upon any objections made within the time and in the manner herein prescribed, may be reviewed by the superior court upon an appeal thereto taken in the following manner. Such appeal shall be made by filing written notice of appeal with . . . the clerk of the superior court in the county in which the real property is situated . . . . At the time of the filing of the notice of appeal with the clerk of the superior court a sufficient bond in the penal sum of two hundred dollars, with sureties thereon as provided by law for appeals in civil cases, shall be filed conditioned to prosecute such appeal without delay, and if unsuccessful, to pay all costs to which the sewer district is put by reason of such appeal. The court may order the appellant upon application therefor, to execute and file such additional bond or bonds as the necessity of the case may

require. . . . The superior court shall, at said time or at such further time as may be fixed by order of the court, hear and determine such appeal without a jury, . . .

A similar bond requirement is contained in RCW 57.16-.090 concerning assessment rolls in water districts. We have decided with regard to RCW 57.16.090 that the bond provision "relates to the individual property owners making objection to the assessment against their specific property." *In re ULID 1 v. Water Dist. 2,* 53 Wn.2d 270, 275, 333 P.2d 670 (1958). The same analysis applies to RCW 56.20.080. Here, five property owners sought review of the assessment but only one bond was initially posted. Accordingly, because each individual property owner did not post a bond at the time of filing the notice of appeal, four of the petitioners did not strictly comply with the statute. Neither court below discussed why it was necessary to dismiss all five petitioners.

The District contends that strict compliance with the statutory bond requirement is necessary to the court's jurisdiction. The District relies upon an early holding of this court in *Goetter v. Colville,* 82 Wash. 305, 144 P. 30 (1914). In *Goetter* the city council of Colville confirmed an assessment roll for a proposed sewer system. The landowners appealed the decision to the superior court but failed to include the record of the city council within the transcript as required by Laws of 1911, ch. 98, § 22, p. 453; Rem. & Ball. Code § 7892–22. This court affirmed the trial court's dismissal of the action and held that an "appeal from the decision of the city council in a local assessment proceeding is special, and not a right which is inherent or constitutional." 82 Wash. at 306. This court went on to state that "[j]urisdiction is conferred upon the superior court to hear appeals from decisions of the city council only by complying with the provisions of the statute." 82 Wash. at 307. Courts have relied upon *Goetter* in several other assessment cases. *Lansinger v. LID 6368,* 80 Wn.2d 254, 493 P.2d 1008 (1972); *In re LID's 29 to 37,* 108 Wash. 211, 183 P. 107 (1919); *Peterson v. Cascade Sewer Dist.,* 20 Wn. App. 750,

582 P.2d 895 (1978); *Hulo v. Redmond,* 14 Wn. App. 568, 544 P.2d 34 (1975). *Accord, Corporation of Catholic Archbishop v. Seattle,* 69 Wn.2d 570, 418 P.2d 1008 (1966).

These courts have continuously overlooked the significance and effect of article 4, section 6 (amendment 65) of the state constitution, governing jurisdiction of the superior court. Since 1889 the constitution has provided: "The superior court shall have original jurisdiction in all cases . . . which involve . . . the legality of any . . . assessment". The petitioners herein challenge the legality of the assessment claiming that the assessed property would not benefit from the improvement. *See In re Schmitz,* 44 Wn.2d 429, 268 P.2d 436 (1954); *Thomas v. Lincoln Cy.,* 41 Wash. 150, 83 P. 18 (1905).

We cannot presume that the legislature in adopting RCW 56.20.080 intended to control the judiciary's jurisdiction contrary to article 4, section 6 of the state constitution. We conclude upon reexamining the statute in light of the constitution that RCW 56.20.080 prescribes procedures and does not restrict the court's subject matter jurisdiction in those cases involving a challenge to the legality of an assessment. Thus, we overrule *Goetter* and other cases to the extent that they are inconsistent with the foregoing proposition.

We have long recognized procedural requirements directed by the legislature. *Blanchard v. Golden Age Brewing Co.,* 188 Wash. 396, 63 P.2d 397 (1936); *Record Pub'g Co. v. Monson,* 123 Wash. 569, 213 P. 13 (1923). Strict compliance with these procedures may, however, not always be required. We have held that "substantial compliance" or satisfaction of the "spirit" of a procedural requirement may be sufficient. *See, e.g., Zesbaugh, Inc. v. General Steel Fabricating, Inc.,* 95 Wn.2d 600, 627 P.2d 1321 (1981); *First Fed. Sav. & Loan Ass'n v. Ekanger,* 93 Wn.2d 777, 613 P.2d 129 (1980). We recently expanded and applied the doctrine of "substantial compliance" to a jurisdictional statute. *In re Saltis,* 94 Wn.2d 889, 621 P.2d 716 (1980).

The doctrine is especially apt in the instant action. The

purpose of the bond herein is to assure speedy prosecution of the appeal and to prevent harassment of commissioners by lengthy litigation. It also assures the District that its costs will be paid if the challenge is unsuccessful. The petitioners herein posted one bond. They prosecuted their appeal without delay. Discovering their error they posted four additional bonds prior to trial. Thus, at the time of trial the requisite bonds were posted. The District did not object to the delay of the petitioners in posting the additional bonds until after the completion of the trial. The trial judge determined that petitioners were successful on the merits; however, even if they had been unsuccessful, the total cost bill submitted by the District in litigating the issues was only $35. No harm or injustice was done to the District by petitioners' failure to strictly comply with the statute. In addition, all purposes of the bond were fulfilled.

In sum, the bond requirement of RCW 56.20.080 is merely procedural and the petitioners herein substantially complied with the provision. Accordingly, we reverse the trial court's dismissal of the action based on lack of jurisdiction and remand the matter to the Superior Court for a decision on the merits.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, WILLIAMS, DORE, and PEARSON, JJ., concur.

Reconsideration denied May 26, 1982.