[No. 4749–1–III.   Division Three.   June 28, 1983.]

*In the Matter of* INDIAN TRAIL TRUNK
SEWER SYSTEM.

WILLIAM KNOTT, ET AL, *Appellants,* v. THE CITY
OF SPOKANE, *Respondent.*

*R. M. Cooper, Lawrence L. Anderson,* and *Cooper &
Lebsack,* for appellants.

*James C. Sloane, Corporation Counsel,* and *Marguerite Schellentrager, Assistant,* for respondent.

GREEN, J.—Effective June 15, 1981, the City of Spokane confirmed a local improvement district assessment for Indian Trail Trunk Sewer District. William and Dorothy Knott owned land in the district and were assessed $89,783.45. They appealed the assessment to superior court. The City moved to dismiss the appeal on the ground that, although Mr. Knott appeared before the city council and orally objected to the assessment, the court did not have jurisdiction to hear the appeal because written objections were not filed with the council as required by RCW 35.44-.190. The court granted the motion. The Knotts appeal from this dismissal. We reverse.

The record shows that on May 12, 1981, a notice of assessment and hearing was mailed to the owners of property within the improvement district. This notice stated the amount of the assessment for each parcel, a hearing would be held June 1, and persons objecting to the assessment "must file written objections with the City Clerk" on or before that date.

It is alleged, but not challenged, the Knotts were out of the city and did not discover the hearing was to be held until June 1. Without filing a written objection, Mr. Knott appeared at the hearing and was permitted to voice an oral objection to the assessment against his property. He asserted the assessment was disproportionate to the benefit to his property and in excess of the amounts assessed against other nearby and more valuable property. Even though no written objection had been filed, Mr. Knott was again permitted to voice his oral objections at the council hearing on June 15. Following that hearing, the council's prior approval of the ordinance was confirmed.

In granting the City's motion to dismiss, the Superior Court ruled that the failure to file the written objections required by statute deprived the court of jurisdiction to hear the appeal and it was dismissed. The propriety of this

dismissal presents the sole issue here.

RCW 35.44.080 requires the City to notify those who desire to object to the assessment roll "[t]o make their objections in writing and to file them with the city or town clerk at or prior to the date fixed for the hearing". RCW 35.44.190 provides:

> Whenever any assessment roll for local improvements has been confirmed by the council, the regularity, validity, and correctness of the proceedings relating to the improvement and to the assessment therefor, including the *action of the council upon the assessment roll* and the confirmation thereof shall be conclusive in all things upon all parties. They *cannot in any manner be contested or questioned in any proceeding by any person unless he filed written objections to the assessment roll in the manner and within the time required by the provisions of this chapter and unless he prosecutes his appeal in the manner and within the time required by the provisions of this chapter.*

(Italics ours.) It is the Knotts' position that when the City permitted Mr. Knott to orally state his objections, the City waived the statutory requirement for prior written objections. Further, there was substantial compliance with the statute when those oral objections were reduced to writing and included in the transcript of the council proceeding filed in superior court. On the other hand, the City contends the statute requires strict compliance and the failure to file written objections prior to the hearing deprived the council, as well as the court, of jurisdiction to consider Mr. Knott's oral objections. We disagree.

Strict compliance with statutory procedures of the type involved in this case had been the rule in this state for many years. For example, in *Goetter v. Colville,* 82 Wash. 305, 308, 144 P. 30 (1914), it was held the court did not acquire jurisdiction of an appeal from the confirmation of an assessment roll when the transcript filed in superior court did not contain the record of the city council with reference to the assessment, as required by statute. This rule was adhered to more recently in *Lansinger v. LID*

*6368,* 80 Wn.2d 254, 493 P.2d 1008 (1972) and *Hulo v. Redmond,* 14 Wn. App. 568, 544 P.2d 34 (1975), where it was held that the failure to file a notice of appeal within the statutory 10–day time period deprived the court of jurisdiction to hear the appeal.

However, the *Goetter* decision and "other cases" were specifically overruled in *Fisher Bros. Corp. v. Des Moines Sewer Dist.,* 97 Wn.2d 227, 643 P.2d 436 (1982). In that case, several property owners sought judicial review of a sewer district's confirmation of an LID assessment roll, but failed to timely post the required statutory bond. The Superior Court dismissed the appeal for lack of jurisdiction. The court reversed holding that where the legality of an assessment is involved, the filing of a bond is a procedural matter requiring only substantial compliance with the statute. The court stated, at page 230:

> We have held that "substantial compliance" or satisfaction of the "spirit" of a procedural requirement may be sufficient. . . . We recently expanded and applied the doctrine of "substantial compliance" to a jurisdictional statute. *In re Saltis,* 94 Wn.2d 889, 621 P.2d 716 (1980).

The court's disposition in *Fisher* leads us to the conclusion that we should view the issue presented here from the standpoint of substantial compliance. This conclusion is supported by the provisions of RCW 35.43.020:

> The rule that statutes in derogation of the common law are to be strictly construed shall have no application to this and the following chapters relating to municipal local improvements but the same shall be liberally construed for the purpose of carrying out the objects for which intended.

When viewed in that light, we find substantial compliance.

The City argues the purpose of written objections is to allow the council to better follow and consider them. If that be the purpose, and it seems a salutary one, then why did the council invite comments from those who had not filed objections? The invitation to speak would be, under this contention, an empty gesture and a waste of council time.

Mr. Knott appeared at two hearings and was permitted to orally present his objections. The record shows the council had generally invited oral comments from the audience on the proposed assessments and did not limit the right to speak to those who had filed written objections. It could have done so under the statute. It did not; instead, the oral remarks were recorded, reduced to writing and are included in the record on this appeal. Thus, the council had the benefit of Mr. Knott's objection and that objection, now in writing in the record, can be reviewed in determining the legality of the assessment made against the Knotts' property.

In the circumstances presented here, it would be a strained application of the statute to deny review to those who were permitted and invited to present their objections orally. Consequently, the Superior Court has jurisdiction to proceed with this appeal.

Reversed and remanded.

ROE, C.J., and McINTURFF, J., concur.

Reconsideration denied August 2, 1983.

Review denied by Supreme Court October 21, 1983.